ENTERED
JUN 0 8 2009
K.R.W.

FILED
at ___ O'clock & ___ min ___ M
JUN 0 8 2009
United States Bankruptcy Court
Columbia, South Carolina (25)

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| IN RE: | C/A No. 09-01637-JW |
|---|---|
| Larry Todd Westerfield, | Chapter 13 |
| Debtor(s). | ORDER |

This matter comes before the Court for a hearing to consider confirmation of Larry Todd Westerfield's ("Debtor") Chapter 13 plan. GMAC objects to confirmation on grounds that Debtor's Chapter 13 plan impermissibly values its purchase money security interest in a 2006 Chevrolet Silverado pickup truck. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O). Pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052, the Court makes the following Findings of Fact and Conclusions of Law.[1]

### FINDINGS OF FACT

1. Pursuant to a retail installment contract ("Contract") entered into by Debtor on October 30, 2007, GMAC financed Debtor's purchase of a 2006 Chevrolet Silverado vehicle ("Silverado") and acquired a purchase money security interest in the Siliverado to secure the financing. GMAC perfected its purchase money security interest by recording its lien on Debtor's Certificate of Title as the First Lienholder, in compliance with South Carolina law. In the Contract, the box was checked indicating that

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are adopted as such.

the Silverado's primary use when purchased was for "personal, family, or household" use.

2. Debtor commenced this case on March 3, 2009 by filing a petition under Chapter 13. Thus, Debtor's indebtedness to GMAC under the Contract was incurred within 910 days of the petition date.

3. GMAC filed a Proof of Claim on March 9, 2009, indicating its secured claim of $21,915.47 with an annual interest rate of 11.65%. GMAC also attached documentation to substantiate its claim: the retail installment contract and the South Carolina certificate of title.

4. Debtor filed his Chapter 13 Plan ("Plan") and schedules on March 9, 2009. The Plan proposes to bifurcate GMAC's security interest in the Silverado by paying GMAC $11,325.00 as a secured claim and $9,924.35 as an unsecured claim. Debtor included as an attachment, the NADA guide to the current value of a 2006 Silverado.

5. GMAC filed a timely objection to confirmation of Debtor's Plan. GMAC asserts that the hanging paragraph of 11 U.S.C. § 1325(a)[2] prohibits Debtor from valuing its security interest because its claim is secured by a purchase money security interest in a motor vehicle acquired for personal use within 910 days preceding the date of the filing of the petition. GMAC does not otherwise dispute the valuation of the Silverado proposed by Debtor.

6. A confirmation hearing was held on May 28, 2009, at which evidence and argument was presented.

---

[2] Further references to the Bankruptcy Code shall be made by section number only.

## CONCLUSIONS OF LAW

**I. Issue**

Debtor does not contest that GMAC has a purchase money security interest securing the Silverado and the debt was incurred within the 910 period preceding the date of the filing of the petition but contends that the vehicle was acquired for non-personal use. Therefore, the sole inquiry rests on whether the Silverado was "acquired for personal use of the debtor" so as to preclude the application of the hanging paragraph at the end of § 1325(a).

**II. The Totality of the Circumstances Test**

This matter is before the Court for confirmation of Debtor's Plan, and therefore, Debtor bears the burden of proving that his Plan complies with § 1325(a) by a preponderance of the evidence. In re Barnes, 378 B.R. 774, 777 (Bankr. D.S.C. 2007); see also In re Namie, 395 B.R. 594, 596 (Bankr. D.S.C. 2008). Whether a vehicle is acquired for "personal use" for purposes of § 1325(a)(*) is determined at the time the vehicle is purchased in light of the totality of the circumstances. See In re Matthews, 378 B.R. 481, 489 (Bankr. D.S.C. 2007).

Use has been considered personal by this Court and others when such use "'satisfies personal wants (such as recreation), transportation that satisfies personal needs (such as shopping or seeking medical attention or other errands), and transportation that satisfies family and other personal obligations, whether legal or moral obligations.'" Id. at 490 (quoting In re Solis, 356 B.R. 398, 410 (Bankr. S.D. Tex. 2006)). Utilization of the vehicle by Debtor in these ways may be considered personal if such uses are "significant and material." In re Matthews, 378 B.R. at 491 (citations omitted). In determining

3

whether use of a vehicle subject to § 1325(a)(*) is personal, the Court evaluates the following list of non-exclusive factors in light of the totality of the circumstances: "(1) testimony from the debtor about intended use; (2) the debtor's actual personal use of the vehicle; and (3) any designation of personal use provided by the parties' contract."Id. at 490 (citations omitted).

### III. Application of the Totality of the Circumstances Test to Debtor's Case

#### A. Debtor's Testimony and the Hearing's Exhibits

At the evidentiary hearing, Debtor testified that the Silverado was purchased as a work truck for his business, L&L Total Home Improvements, LLC, formerly known as L&L Home Improvements, d/b/a. Debtor testified that he uses the Silverado daily for work in travelling to estimate jobs, picking up materials, and pulling trailers. Debtor testified that prior to entering into the Contract, he traded in his previous Chevrolet work truck to the dealership and entered into a lease-purchase agreement with GMAC for the Silverado. Debtor's tax returns comport with Debtor's testimony by indicating that the Silverado was placed into service as a result of a lease in April of 2006, which was more than a year prior to the date of Debtor's purchase. In addition, on Debtor's 2006, 2007, and 2008 tax returns, the Silverado is listed as "[p]roperty used more than 50% in a qualified business use." The 2006 and 2008 returns indicate the Silverado's percentage of use in Debtor's business is 100%. The 2007 return indicates the Silverado's percentage of use in Debtor's business is 69.92%. Moreover, Debtor's bankruptcy schedules reflect the Silverado is used as a business vehicle. Debtor also submitted his maintenance records from December 29, 2006 to April 23, 2009 into evidence, which indicate the customer for

whom the various services were performed is "L&L Home Improvements" and not Debtor personally.

On cross examination, Debtor admitted that he also generally stops for breakfast and/or lunch in the Silverado while in transit to various jobs for the business, occasionally runs an errand when going to an estimate, and occasionally uses the Silverado to pull a four-wheeler trailer for recreation.

Debtor and his wife also share an additional vehicle, a 2003 Chevrolet Trailblazer ("Trailblazer"), as indicated on their schedules, but Debtor's wife is the primary driver. Debtor testified that the Trailblazer is the vehicle driven on the weekends by the couple, and he drives it two to three times per month. Debtor also owns a 2001 Dodge Ram van ("Van"), which he testified is primarily used by his employees. Debtor testified that he seldom drives the Van.

GMAC relies upon the Contract's characterization that the Silverado was purchased for "personal, family, or household" uses as controlling the determination of Debtor's intent in the purchase. While, GMAC further called into question Debtor's depreciation of the Silverado as a business expense on his taxes before he entered into the Contract with GMAC; Debtor adequately explained that prior to the purchase of the Silverado, he leased the Silverado.

**B. Debtor's Actual Use of the Silverado**

The actual use of the vehicle can be a reflection of the intended use of the vehicle. The Court looks to the actual use of the vehicle to judge the credibility of the testimony concerning the intended use of a vehicle at the time of purchase and to consider whether the actual use of the vehicle rises to the level of personal use that is significant and

material. In re Matthews, 378 B.R. at 490-91. At the time of the purchase, Debtor need not have purchased the vehicle or actually used the vehicle primarily or solely for non-personal use in order to avoid application of §1325(a)(*). Id. at 491. De minimis personal use will not annul Debtor's intent in purchasing a vehicle for non-personal use. Id. (citing In re Adaway, 367 B.R. 571 (Bankr. E.D. Tex. 2007)).

Under the facts of this case, the Court finds that the actual use of the Silverado was for a business purpose in L&L Home Improvements. Debtor may have used the Silverado for occasional personal use, but this personal use of the Silverado was neither significant nor material. The Silverado was also used in L&L Home Improvements prior to the time Debtor entered into the Contract, as demonstrated by Debtor's tax returns and testimony, and this is a strong indication of Debtor's intent at the time of purchase. Moreover, Debtor initially leased the Silverado with the objective of replacing his old work truck. These facts in light of the totality of the circumstances lead the Court to conclude that the Silverado was acquired at the time of purchase for non-personal use.

**C. Designation in the Contract**

The designation a vehicle for personal use in a retail installment contract can be persuasive evidence of Debtor's intent to purchase a personal use vehicle. In re Matthews, 378 B.R. at 491. On the Contract, an "XX" was placed in the box indicating that the Silverado was purchased for the primary use of "personal, family, or household." However, in light of the totality of the circumstances, Debtor's credible testimony undercuts the Contract's language. Therefore, this standard form language is not dispositive of Debtor's intent in purchasing the Silverado for personal use. See In re Matthews, 378 B.R. at 491-92; see also In re Andoh, 370 B.R. 377, 383-84 (Bankr. D.

6

Colo 2007)(finding the testimony of the debtor indicated the designation of a vehicle for "personal, family, or household" use in a retail installment contract was either "unintentional, superfluous, or a mistake" when analyzing "personal use" in § 1325(a)(*)); In re Smith, C/A No. 07-30201, 2007 WL 1577668, at *5 (Bankr. D.S.D. Tex. 2007)(finding when a debtor checked the box in a retail installment contract indicating that the vehicle was acquired for personal, family, or household use was not dispositive on the issue of intent in determining the applicability of § 1325(a)(*) but instead applied the totality of the circumstances test).

### IV. Conclusion

Based upon the foregoing, GMAC's objection to confirmation of Debtor's Plan is overruled.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
June 8, 2009